SEALED

# UNITED STATES DISTRICT COURT

**District of Kansas**

(Topeka Docket)

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **CASE NO.** 26-40054-01/04-JMK-RES

**PRESTON JAMES BRISCOE,**
**MARCELLIUS JAMES GARNER,**
**LAKIN DIVILBISS-GORACKE, and**
**FRANCIS JOHN KELLY,**

**Defendants.** **Filed Under Seal**

# SEALED INDICTMENT

**THE GRAND JURY CHARGES**:

## COUNT 1

**Conspiracy to Distribute and**
**Possess with the Intent to Distribute Controlled Substances**
**[21 U.S.C. §§ 841(a)(1) and 846]**

Beginning on a date unknown and continuing to on or about July 31, 2026, in the District of Kansas, the defendants,

**PRESTON JAMES BRISCOE,**
**MARCELLIUS JAMES GARNER,**
**LAKIN DIVILBISS-GORACKE, and**
**FRANCIS JOHN KELLY,**

knowingly and intentionally combined, conspired, confederated, and agreed with each other and with other persons known and unknown to the Grand Jury, to distribute and to possess with the intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, which included the reasonably foreseeable conduct of other members of the conspiracy.

With respect to defendant **PRESTON JAMES BRISCOE**, his conduct as a member of the conspiracy charged in this Count, includes drug quantities that the defendant directly handled within the scope of the charged conspiracy, as well as drug quantities that were handled by other members of the conspiracy within the scope of the charged conspiracy that were reasonable foreseeable to the defendant, and involved 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A).

With respect to defendant **MARCELLIUS JAMES GARNER**, his conduct as a member of the conspiracy charged in this Count, includes drug quantities that the defendant directly handled within the scope of the charged conspiracy, as well as drug quantities that were handled by other members of the conspiracy within the scope of the charged conspiracy that were reasonable foreseeable to the defendant, and involved 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A).

With respect to defendant **LAKIN DIVILBISS-GORACKE**, her conduct as a member of the conspiracy charged in this Count, includes drug quantities that the defendant directly handled within the scope of the charged conspiracy, as well as drug quantities that

were handled by other members of the conspiracy within the scope of the charged conspiracy that were reasonable foreseeable to the defendant, and involved 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A).

With respect to defendant **FRANCIS JOHN KELLY**, his conduct as a member of the conspiracy charged in this Count, includes drug quantities that the defendant directly handled within the scope of the charged conspiracy, as well as drug quantities that were handled by other members of the conspiracy within the scope of the charged conspiracy that were reasonable foreseeable to the defendant, and involved 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A).

All in violation of Title 21, United States Code, Section 846, with reference to Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT 2

**Distribution of a Controlled Substance**
**[21 U.S.C. § 841(a)(1)]**

On or about September 25, 2025, in the District of Kansas, the defendant,

**LAKIN DIVILBISS-GORACKE and**
**PRESTON JAMES BRISCOE,**

knowingly and intentionally distributed 5 grams or more of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), with reference to Title 21, United States Code, Sections 846 and 841(b)(1)(B), and Title 18, United States Code, Section 2.

## COUNT 3

**Distribution of a Controlled Substance**
**[21 U.S.C. § 841(a)(1)]**

On or about October 8, 2025, in the District of Kansas, the defendant,

**LAKIN DIVILBISS-GORACKE and**
**PRESTON JAMES BRISCOE,**

knowingly and intentionally distributed 5 grams or more of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), with reference to Title 21, United States Code, Sections 846 and 841(b)(1)(B), and Title 18, United States Code, Section 2.

## COUNT 4

**Distribution of a Controlled Substance**
**[21 U.S.C. § 841(a)(1)]**

On or about December 4, 2025, in the District of Kansas, the defendant,

**LAKIN DIVILBISS-GORACKE and**
**PRESTON JAMES BRISCOE,**

knowingly and intentionally distributed 5 grams or more of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), with reference to Title 21, United States Code, Sections 846 and 841(b)(1)(B), and Title 18, United States Code, Section 2.

## COUNT 5

**Distribution of a Controlled Substance**
**[21 U.S.C. § 841(a)(1)]**

On or about February 4, 2026, in the District of Kansas, the defendant,

**MARCELLIUS JAMES GARNER and**
**PRESTON JAMES BRISCOE,**

knowingly and intentionally distributed 5 grams or more of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), with reference to Title 21, United States Code, Sections 846 and 841(b)(1)(B), and Title 18, United States Code, Section 2.

## COUNT 6

**Distribution of a Controlled Substance**
**[21 U.S.C. § 841(a)(1)]**

On or about February 26, 2026, in the District of Kansas, the defendant,

**PRESTON JAMES BRISCOE**,

knowingly and intentionally distributed 50 grams or more of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), with reference to Title 21, United States Code, Sections 846 and 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT 7

**Distribution of a Controlled Substance**
**[21 U.S.C. § 841(a)(1)]**

On or about April 16, 2026, in the District of Kansas, the defendant,

**PRESTON JAMES BRISCOE**,

knowingly and intentionally distributed 50 grams or more of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), with reference to Title 21, United States Code, Sections 846 and 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT 8

**Distribution of a Controlled Substance**
**[21 U.S.C. § 841(a)(1)]**

On or about June 3, 2026, in the District of Kansas, the defendant,

**PRESTON JAMES BRISCOE**,

knowingly and intentionally distributed 50 grams or more of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), with reference to Title 21, United States Code, Sections 846 and 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT 9

**Possession with the Intent to Distribute a Controlled Substance**
**[21 U.S.C. § 841(a)(1)]**

On or about July 31, 2026, in the District of Kansas, the defendant,

**PRESTON JAMES BRISCOE,**

knowingly and intentionally possessed with the intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), with reference to Title 21, United States Code, Sections 846 and 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT 10

**Possession of a Firearm in Furtherance of a Drug Trafficking Crime**
**[18 U.S.C. § 924(c)(1)(A)]**

On or about July 31, 2026, in the District of Kansas, the defendant,

**PRESTON JAMES BRISCOE**,

knowingly and intentionally possessed a firearm, namely, including a Girsan Regard MC, 9 mm pistol and a Bear Creek Arsenal, BC-15, .556 pistol, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, conspiracy to distribute and possess with the intent to distribute controlled substances, as charged in Count 1, and possession with the intent to distribute a controlled substance, as charged in Count 9.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT 11

**Possession of a Firearm by a Prohibited Person**
**[18 U.S.C. § 922(g)(1)]**

On or about July 31, 2026, in the District of Kansas, the defendant,

**PRESTON JAMES BRISCOE**,

having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate and foreign commerce a firearm, including a Girsan Regard MC, 9 mm pistol and a Bear Creek Arsenal, BC-15, .556 pistol, each of which had been shipped and transported in interstate and foreign commerce; and the defendant possessed each firearm knowing that his prior crime of conviction was punishable by a term of imprisonment exceeding one year.

In violation of Title 18, United States Code, Section 922(g)(1), with reference to Title 18, United States Code, Section 924(a)(8).

## COUNT 12

**Possession with the Intent to Distribute a Controlled Substance**
**[21 U.S.C. § 841(a)(1)]**

On or about July 31, 2026, in the District of Kansas, the defendant,

**FRANCIS JOHN KELLY,**

knowingly and intentionally possessed with the intent to distribute 5 grams or more of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), with reference to Title 21, United States Code, Sections 846 and 841(b)(1)(B), and Title 18, United States Code, Section 2.

## COUNT 13

**Possession of a Firearm in Furtherance of a Drug Trafficking Crime**
**[18 U.S.C. § 924(c)(1)(A)]**

On or about July 31, 2026, in the District of Kansas, the defendant,

**FRANCIS JOHN KELLY,**

knowingly and intentionally possessed a firearm, namely, a Lorcin, L380, .380 pistol, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, conspiracy to distribute and possess with the intent to distribute controlled substances, as charged in Count 1, and possession with the intent to distribute a controlled substance, as charged in Count 12.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## FORFEITURE NOTICE

1. The allegations contained in Counts 1-13 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853 and Title 28, United States Code, Section 2461(c).

2. Upon conviction of one or more of the offenses set forth in Counts 1-13 of this Indictment, the defendants,

**PRESTON JAMES BRISCOE** (Counts 1-11),
**MARCELLIUS JAMES GARNER** (Counts 1 and 5),
**LAKIN DIVILBISS-GORACKE** (Counts 1-4), and
**FRANCIS JOHN KELLY** (Counts 1, 12-13)

shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), any firearms or ammunition involved in the commission of the offenses, including, but not limited to:

A. Girsan Regard MC, 9 mm pistol, serial number T636820A20580;

B. Bear Creek Arsenal, BC-15, .556 pistol, serial number A134224

C. Lorcin, L380, .380 pistol, serial number 213832; and

D. Ammunition.

3. Upon conviction of one or more of the offenses set forth in Counts 1-9, 12, the defendants,

**PRESTON JAMES BRISCOE** (Counts 1-9),
**MARCELLIUS JAMES GARNER** (Counts 1 and 5),
**LAKIN DIVILBISS-GORACKE** (Counts 1-4), and
**FRANCIS JOHN KELLY,** (Counts 1 and 12)

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting or derived from any proceeds obtained, directly or indirectly, as the result of such offenses and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of the offenses, including but not limited to:

A. Ruger 1911, .45 caliber pistol, serial number 673-11985;

B. Beretta M9, 9mm pistol, serial number M9-182952;

C. Taurus, .357 revolver, serial number ADH564103;

D. Titan Tiger, .38 special pistol, serial number 027525;

E. Smith and Wesson, .38 special pistol, serial number K735005;

F. Taurus, Millennium G2, 9 mm pistol, serial number TKT10807;

G. Khar, MK40 handgun, serial number HA3316;

H. Girsan Regard MC, 9 mm pistol, serial number T6368-20A20580;

I. Bear Creek Arsenal, BC-15, .556 pistol, serial number A134224;

J. Lorcin, L380, .380 pistol, serial number 213832;

K. $29,970.00 in United States currency; and

L. Ammunition.

All pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853 and Title 28, United States Code, Section 2461(c).

A TRUE BILL.

August 11, 2026
DATE

s/Foreperson
FOREPERSON OF THE GRAND JURY

RYAN A. KRIEGSHAUSER
UNITED STATES ATTORNEY

By: /s/ Stephen Nugent
Stephen Nugent
Special Assistant United States Attorney
District of Kansas
444 Quincy St., Suite 290
Topeka, Kansas 66683
Ph: (785) 295-2850
Fax: (785) 295-2853
Email: Stephen.Nugent@usdoj.gov
Ks. S. Ct. No. 31160

IT IS REQUESTED THAT THE TRIAL BE HELD IN TOPEKA, KANSAS

# PENALTIES

**Counts 1 and 6 – 9: 21 U.S.C. §§ 841(a)(1) and 846**
**[Conspiracy to Distribute and Possess with the Intent to Distribute Controlled Substances, Distribution of Controlled Substances]**

- Punishable by a term of imprisonment of not less than ten (10) years and no more than life. 21 U.S.C. § 841(b)(1)(A).
- A term of supervised release of at least five (5) years. 21 U.S.C. § 841(b)(1)(A).
- A fine not to exceed $10 million. 21 U.S.C. § 841(b)(1)(A).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of not less than fifteen (15) nor more than life. 21 U.S.C. § 841(b)(1)(A).
- A term of supervised release of at least ten (10) years. 21 U.S.C. § 841(b)(1)(A).
- A fine not to exceed $20 million. 21 U.S.C. § 841(b)(1)(A).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

If the defendant commits such a violation after two prior convictions for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of not less than twenty-five (25) nor more than life. 21 U.S.C. § 841(b)(1)(A).
- A term of supervised release of at least ten (10) years. 21 U.S.C. § 841(b)(1)(A).
- A fine not to exceed $20 million. 21 U.S.C. § 841(b)(1)(A).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

**Counts 2 – 5, and 12: 21 U.S.C. § 841(a)(1) & (b)(1)(B)**
**[Possession with the Intent to Distribute Controlled Substances]**

- Punishable by a term of imprisonment of not less than five (5) years and no more than forty (40) years. 21 U.S.C. § 841(b)(1)(B).
- A term of supervised release of at least four (4) years. 21 U.S.C. § 841(b)(1)(B).
- A fine not to exceed $5 million. 21 U.S.C. § 841(b)(1)(B).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of not less than ten (10) years and no more than life. 21 U.S.C. § 841(b)(1)(B).
- A term of supervised release of at least eight (8) years. 21 U.S.C. § 841(b)(1)(B).
- A fine not to exceed $8 million. 21 U.S.C. § 841(b)(1)(B).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

**Counts 10 and 13: 18 U.S.C. § 924(c)(1)(A) [Possession of a Firearm in Furtherance of a Drug Trafficking Crime]**

- Punishable by a term of imprisonment of not less than five (5) years and no more than life. 18 U.S.C. § 924(c)(1)(A)(i). This term of imprisonment runs consecutive to any other term of imprisonment imposed on the defendant. 18 U.S.C. § 924(c)(1)(D)(ii). If the defendant has a prior conviction for a violation of § 924(c)(1)(A), the instant offense is punishable by a term of imprisonment of not less than twenty-five (25) years and not more than life. 18 U.S.C. § 924(c)(1)(C)(i).
- A term of supervised release of not more than five (5) years. 18 U.S.C. § 3583(b)(1).
- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

**Count 11: 18 U.S.C. § 922(g)(1) [Felon in Possession of a Firearm]**

- Punishable by a term of imprisonment of not more than fifteen (15) years. 18 U.S.C. § 924(a)(8).

- A term of supervised release of not more than three (3) years. 18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.